# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JUAN M. MEDINA, JR.,

      Appellant,

      v.

DEPARTMENT OF HOMELAND
  SECURITY,

      Agency.

DOCKET NUMBER
DA-0752-13-0393-I-1

DATE: October 17, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Lorenzo W. Tijerina</u>, Esquire, San Antonio, Texas, for the appellant.

<u>Pamela B. Peck</u>, San Antonio, Texas, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which sustained the charged misconduct and affirmed the agency's action removing the appellant. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2      The appellant appealed the agency's action removing him from the position of Supervisory Immigration Enforcement Agent. Initial Appeal File (IAF), Tab 1. The agency based the action on the charge of conduct unbecoming, citing four specifications stating that the appellant had filed federal tax returns with the Internal Revenue Service (IRS) falsely claiming charitable contributions that he and his wife had not made. IAF, Tab 8, Vol. 2 at 53 of 115, 227 of 385. Specifically, the appellant and his wife claimed deductions for very large charitable contributions on their jointly-filed federal income-tax returns for 2007, 2008, 2010, and 2011, i.e., $20,000 in 2007, $30,000 in 2008, $12,255 in 2010, and $13,454 in 2011, respectively. IAF, Tab 8, Vol. 3 at 282, 296, 342, and 357 of 385. However, the appellant and his wife, in fact, did not make such contributions. Rather, their annual charitable contributions amounted to at most about $2,000. *Id*. at 251-55, 268, Tab 25 at 59-60, 65-66, 102, 143, 164-66, 172-73. In 2012, the agency's Office of Professional Responsibility conducted an internal investigation after receiving a tip that the appellant may have falsified his tax returns. IAF, Tab 8, Vol. 3 at 235 of 385. During the investigatory interview, the appellant claimed that his wife handled all of the family finances and that he

had not reviewed the returns carefully before signing them. *See, e.g.*, IAF, Tab 26 at 15, 35, 74, 120, 169, and 181 of 402. However, after the interview, the appellant signed an affidavit prepared by the investigators in which he admitted that he had committed fraud and perjury regarding his tax returns for the 4 years in question. IAF, Tab 8, Vol. 3 at 252-56, and 269 of 385. The appellant subsequently filed amended tax returns for 2010 and 2011, but did not amend the larger false claims in the 2007 or 2008 returns. IAF, Tab 8, Exhibits 9, 10 at 61-68 of 385.

¶3      After holding a hearing, the administrative judge found it undisputed that the appellant's tax returns claimed far greater charitable contributions than he and his wife had actually made and that the agency proved the essence of the charged misconduct. IAF, Tab 30, Initial Decision (ID) at 5. The administrative judge also found that the appellant filed the tax returns with the intent to defraud or mislead the IRS and that the record included direct evidence of intent, i.e., the appellant signed an affidavit admitting that he committed fraud and filed falsified tax returns for all 4 years at issue. ID at 5. The administrative judge found further that, even if he were to discount the appellant's admissions in his affidavit, there was ample circumstantial evidence of intent to defraud or mislead, including evidence that the appellant consciously tried to avoid learning the truth or at least acted with reckless disregard for the truth about the charitable deductions. ID at 6-7. Thus, the administrative judge sustained the charge, finding that the appellant's deliberate efforts to avoid learning the truth and reckless disregard for the truth allowed him to infer that the appellant knowingly filed false returns with the intent to deceive the IRS.[2] ID at 6-7.

---

[2] While the appellant does not challenge these findings on review, we note that the administrative judge also found no merit to the appellant's harmful procedure error arguments, and that the appellant offered no persuasive evidence to support his claims of discrimination based on race, national origin, gender, and age. ID at 6-7.

¶4      On review, the appellant argues that the administrative judge erred in sustaining the charge and affirming the removal penalty.  Petition for Review (PFR) File, Tab 1.  We have considered the appellant's arguments on review but discern no reason to reweigh the evidence or substitute our assessment of the record evidence for that of the administrative judge.  *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings when the administrative judge considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).  In this case, the administrative judge thoroughly addressed the record evidence, as well as the appellant's claims that his admissions in his affidavit should be discounted, and correctly found that the agency proved the charge and that the appellant failed to establish his affirmative defenses of harmful error and discrimination.

¶5      For example, the appellant argues that the administrative judge erred when he stated in the initial decision that "the appellant and his wife did not in fact make any such contributions" because the facts show that they indeed did make some charitable contributions.  PFR File, Tab 1 at 5 of 23.  However, the appellant fails to include the administrative judge's complete sentence, which actually states "[t]he appellant and his wife did not in fact make any such contributions; their annual charitable contributions amounted to at most about $2,000."  ID at 2.  Thus, there is no merit to this argument.

¶6      The appellant also argues that the administrative judge erred by failing to consider the transcript from his prehearing deposition, and he contends that his statements in his prehearing deposition shows that the agency's allegations are "misplaced and without merit."  PFR File, Tab 1.  We disagree.  The administrative judge's December 18, 2013 Summary of the Prehearing Conference explicitly advised the parties that the prehearing depositions would not be allowed into the record except for impeachment purposes.  IAF,

Tab 28 at 5. The parties were provided the opportunity to object to the administrative judge's ruling in this regard, but there were no objections. *Id.* In addition, prior to the start of the hearing the administrative judge verified that he had not received any corrections or objections from the parties to his Summary of the Prehearing Conference. IAF, Tab 29, Hearing CD. Nevertheless, even after being placed on notice that the depositions would only be used for impeachment purposes, the appellant chose not to testify on his own behalf, and, thus, his deposition is not in the evidentiary record. The appellant cannot now argue on review that the result would have been different if the administrative judge had considered the statements he made during his deposition. Accordingly, because the appellant's deposition is not in the evidentiary record, the administrative judge properly did not consider it while deciding this case. *See Pedersen v. Department of Transportation, Federal Aviation Administration*, 9 M.S.P.R. 195, 199 (1981) (finding that one of the principal purposes of taking a witness's deposition is to pin down the witness under oath concerning all relevant matters, thereby providing a basis for impeaching that witness's credibility should the witness at the hearing depart from the testimony given at the deposition).

¶7       The appellant also challenges the validity of his affidavits and he reasserts on review that he was "coerced" during the investigative interview into making statements and signing an affidavit he did not agree with. PFR File, Tab 1 at 18, 20, 23. The appellant offered no evidence below, however, to show that the agency's report of investigation was erroneous, that his affidavits were obtained under duress, or that the investigators engaged in misconduct. For example, the appellant could have called the agency investigators, the individuals who interviewed him and assisted with the preparation of his affidavit and who were approved as witnesses, to testify regarding the investigation and what transpired when he signed the affidavit admitting guilt. While the appellant argued that he was coerced into signing the affidavit, he chose not to call witnesses, and he did not testify on his own behalf, to support these arguments. Thus, there is no

sworn testimony to contradict the appellant's affidavits admitting culpability. Further, because the appellant chose to rest his case without calling any witnesses, he is unable to rely on the depositions of approved witnesses who did not testify. Thus, the appellant has shown no error by the administrative judge in relying upon his affidavits as direct evidence that he committed the charged misconduct.

¶8 Moreover, the appellant argues that, because the agency's only witness was the deciding official and he did not provide "any direct or indirect testimony as to fraud, falsification of a tax return or perjury," the agency failed to present evidence and testimony that addressed his defenses. The appellant's argument fails to recognize that the evidentiary record also includes direct evidence against him, i.e., his signed affidavits in which he admitted to fraud and perjury concerning his filing falsified tax returns for all 4 years at issue. IAF, Tab 8, Exhibit 2 at 250-57 of 385, Exhibit 3 at 267-71 of 385.

¶9 Finally, as the administrative judge correctly found, notwithstanding the appellant's admissions in his affidavit, the record includes ample circumstantial evidence contained in the appellant's affidavit, as well as the transcript and recording from the investigative interview, demonstrating the appellant's intent to defraud or mislead, including evidence that he consciously tried to avoid learning the truth or at least acted with reckless disregard for the truth. *See* ID at 6-7; IAF, Tab 27, Track 4, Tab 26 at 12, Tab 26, Exhibits 1-3, 7-9. Accordingly, while the appellant disagrees with the administrative judge's findings and determinations, he has provided no evidence or argument that would warrant disturbing the initial decision.

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request further review of this final decision.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC).  *See* Title 5 of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)).  If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate United States district court.  *See* 5 U.S.C. § 7703(b)(2).  You must file your civil action with the district court no later than 30 calendar days after your receipt of this order.  If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to

file on time. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e5(f) and 29 U.S.C. § 794a.

FOR THE BOARD:       _____
           William D. Spencer
           Clerk of the Board

Washington, D.C.